# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HUBERT D. HILL, N47639, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-00555-JPG |
| ) | |
| MADISON COUNTY, ILLINOIS, ) | |
| and RANDY YOUNG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

While he was detained at Madison County Jail, Plaintiff Hubert Hill filed a self-styled "Complaint of Mandamus" in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois. (Doc. 1-1, pp. 3-5). In the Complaint, Plaintiff alleges that Jail officials interfered with his access to the courts in violation of his First Amendment rights, when they refused to mail his two civil rights complaints to the Southern District of Illinois. (*Id.*). Although officials cited excessive weight, Plaintiff insists that the Jail has no weight restrictions on legal mail and that proper postage was provided. (*Id.*). He seeks an order compelling Madison County Jail's Superintendent (Captain Randy Young) to process his legal mail. (*Id.*).

Defendants removed the case to this federal judicial district pursuant to 28 U.S.C. §§ 1441, 1331, and 1446. (Doc. 1). Plaintiff made no objection, and the Court found that removal was proper. (Doc. 4). The Complaint is thus subject to preliminary review under 28 U.S.C. § 1915A.

Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from

1

such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On April 3, 2019, Plaintiff attempted to mail two civil rights complaints to the Southern District of Illinois. (Doc. 1-1, pp. 3-4). He placed the complaints in an envelope with proper postage and handed it to Sergeant Reitart. (*Id*.). On April 5, 2019, Sergeant Paul called Plaintiff to the front office and informed him that the envelope exceeded the Jail's weight limit for legal mail. (*Id*.). He instructed Plaintiff to have someone pick up the "package" and mail it to the Court on his behalf. (*Id*. at p. 4). When Plaintiff requested the name of the individual who made this decision, he learned that it was Captain Young. Plaintiff filed his "Complaint of Mandamus" on April 11, 2019. (Doc. 1-1).

Based on the allegations in the Complaint, the Court designates a single claim in this action:

**Count 1:** First Amendment claim against Defendant Young for interfering with Plaintiff's access to the courts on or around April 3, 2019.

**Any other claim that is mentioned in the Complaint but not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

Although Plaintiff filed a self-styled "Complaint of Mandamus" in Illinois state court, Defendants removed the Complaint to federal court because it focuses on a First Amendment denial-of-court-access claim. Whether construed as a Complaint seeking injunctive relief under 42 U.S.C. § 1983 or a Petition for Writ of Mandamus, it does not survive screening.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Complaint states no claim for relief under 42 U.S.C. §1983. To state a First Amendment claim for interference with court access, a plaintiff must allege that the defendants prevented him from pursuing a legitimate legal claim. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff does not allege that either civil rights complaint presented a "potentially meritorious" legal claim. *See Marshall v. Knight*, 445 F.3d 965, 698 (7th Cir. 2006). *See also Eichwedel v. Chandler*, 696 F.3d 660, 673 (7th Cir. 2012) (where prisoner did not identify any "nonfrivolous, arguable underlying claim," he could not pursue a claim for interference with access to the courts). He also does not allege that Defendants' actions rendered him unable to pursue his legal claim. A review of public records reveals that he filed two civil rights complaints in this federal judicial district during the same time period that he filed the instant Complaint. *See Hill v. Lakin, et al.*, No. 19-cv-00405-JPG (S.D. Ill. filed April 11, 2019); *Hill v. Illinois, et al.*, No. 19-cv-00421-SMY (S.D. Ill. filed April 15, 2019). Because it appears that he did so promptly and without impediment, Plaintiff has failed to state a claim upon which relief may be granted--to the extent his claim arises from these two complaints.

To the extent he seeks a writ of mandamus, his Complaint runs into more problems. Plaintiff cites no Illinois statute in support of his request for mandamus relief, and this Court is not empowered to issue a writ of mandamus compelling action by state (or county) officials under 28 U.S.C. §§ 1361, 1651(a).

Plaintiff's request for mandamus relief also appears to be moot. On the same date he filed his Complaint of Mandamus (April 11, 2019), he filed a civil rights complaint in the Southern District of Illinois. *See Hill v. Lakin, et al.*, No. 19-cv-00405-JPG (S.D. Ill. filed April 11, 2019). Four days later, he filed a second civil rights complaint. *See Hill v. Illinois, et al.*, No. 19-cv-00421-SMY (S.D. Ill. filed April 15, 2019). To the extent he requests an order compelling Captain

3

Young to process this legal mail, it appears that he received this relief on or around the same date he filed this action.

For these reasons, the Complaint shall be dismissed without prejudice. Plaintiff may file an Amended Complaint, if he would like to pursue any of his claims. This Order does not preclude him from separately pursuing relief in state court. If he chooses to file an Amended Complaint herein, Plaintiff must comply with the below instructions and deadline.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1-1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and for lack of jurisdiction to issue a writ of mandamus pursuant to 28 U.S.C. §§ 1361 and 1651(a).

Plaintiff is **GRANTED** leave to file an "Amended Complaint" on or before **January 14, 2020**. Should Plaintiff fail to file his Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "Amended Complaint," and he should use the case number for this action (No. 19-cv-00555-JPG). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

As previously explained, an amended complaint supersedes and replaces all prior versions of the complaint and renders them void. *See Flannery*, 354 F.3d at 638 n. 1. Therefore, the Court generally will not accept piecemeal amendments to the original Complaint. The Amended

4

Complaint must stand on its own without reference to any previous pleading. The Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/17/2019**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**